

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY  10166-0005

TEL    212 • 309 • 1000
FAX   212 • 309 • 1100

RYAN A. BECKER
DIRECT DIAL: 212 • 309 • 1055
EMAIL: rbecker@hunton.com

FILE NO: 75721.24

March 23, 2012

**Via ECF & Overnight Delivery**

Honorable Joseph A. Dickson
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey  07101

Re:    <u>Victor Almazan, et al. v. CIT Group, Inc., et al.</u>
       Civil Action No. 11-5520

Dear Magistrate Judge Dickson:

This firm represents Defendant CIT Group, Inc. and its affiliates ("CIT") in the matter in caption. As directed by Your Honor at the March 21 status conference in this matter, I write to provide the Court with a copy of my October 6, 2011 letter to Plaintiffs' counsel, and to place this letter and enclosure on ECF.

As noted on the record at the status conference, Plaintiffs' counsel has not responded in any way to my October 6 letter. We respectfully ask that this case be dismissed with prejudice against CIT for the reasons stated therein.

We also ask respectfully that, in entering the dismissal order, the Court preclude Plaintiffs' counsel from filing further cases against CIT, without Court permission, on behalf of the Guy and Balderama Plaintiffs based on the same facts and transactions alleged in the complaints. Plaintiffs' counsel has continually flouted the Court's rules and the rules of professional conduct by, among other things, making repeated false certifications to the Court regarding the pendency of other actions; repeatedly missing deadlines without explanation; and filing pleadings and motions without any apparent review of the facts or law, or any thought whatsoever. Most notable of these infractions, of course, is the subject of this letter, the current complaint that was previously dismissed <u>with prejudice</u> by the Court. Plaintiffs' counsel has not demonstrated any appreciation whatsoever about the legal effect of Your Honor's prior opinion and order.



Honorable Joseph A. Dickson
March 23, 2012
Page 2

    The Court has the inherent power to require attorneys to obtain permission from the Court before filing further vexatious pleadings and motions.  Banda v. Otino, Civ. No. 09-2723 (WJM), 2009 WL 2843899 (D.N.J. Sept. 1, 2009).  We believe that the Court, and the judicial process as a whole, would be well-served by invoking that power here.  We understand that Plaintiffs' counsel has until March 30 to respond to this letter, and we believe his response should address the preclusion issue raised here.

    We thank the Court for its time and consideration of this request.


                    Respectfully Submitted,

                    Ryan A. Becker



Enclosure
cc:    Feng Li, Esq. (via ECF and first class mail)



HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

RYAN A. BECKER
DIRECT DIAL: 212 • 309 • 1055
EMAIL: rbecker@hunton.com

FILE NO: 75721.24

October 6, 2011

**Via Overnight Delivery**

Feng Li, Esq.
American Legal Services Group
1719 Route 10 East, Suite 318
Parsippany, NJ 07054

Re:    Almazan, et al. v. 1st 2nd Mortgage Company of NJ et al.
       Civil Action No. : 2:10-cv-01336-DMC-MF

Dear Mr. Li:

        This firm represents The CIT Group, Inc. and The CIT Group/Consumer Finance, Inc. ("CIT") in the case in caption. I write concerning the class action complaint you purportedly filed against CIT and others on September 22, 2011 (the "Complaint").

        As an initial matter, CIT does not waive or accept service of the complaint, or concede that your filing of the Complaint constituted service under the Federal Rules of Civil Procedure. Contrary to your suggestion in your September 30, 2011 letter to Judge Cavanaugh, CIT did not agree to accept service of the new complaints at the May 11, 2011 hearing. If there was any such agreement, it at best applied only to defendants that agreed to withdraw their motion to dismiss in exchange for your voluntary dismissal of the complaint. CIT did not withdraw its motion to dismiss (as described more fully below), and so did not agree to accept service of any new complaint.

        More importantly, it appears that your new Complaint is based on a woefully incorrect assumption that CIT is related to the CitiBank affiliates you also name in the Complaint. While this error is understandable from the standpoint of the superficial similarity of their names, and we can overlook such an oversight until it is brought to your attention, it is plainly wrong. CIT and CitiBank are completely separate, entirely unrelated publicly traded companies that are as distinct as General Motors and Ford, Coca Cola and Pepsi Co. There is no relationship between them, as a cursory review of their websites (www.cit.com and www.citibank.com) confirms.



Feng Li, Esq.
October 6, 2011
Page 2

        The biggest problem with the Complaint, however, is that it alleges claims that <u>have</u>
<u>already been dismissed with prejudice</u>.  Mr. and Mrs. Guy and Mr. and Mrs. Balderama are
the only plaintiffs that had any loan through The CIT Group/Consumer Finance, Inc.  You
alleged claims relating to those loans in the original complaint against CIT and several dozen
other lenders.  CIT moved to dismiss that complaint.  On June 2, 2011, Magistrate Judge
Dickson issued an R&R granting that motion, and on June 30 Judge Cavanaugh entered an
order adopting Magistrate Judge Dickson's report and dismissing those claims <u>with prejudice</u>.
The Complaint alleges nothing new, nor can it allege any grounds that would get around the
fact that the claims have already been dismissed with prejudice.

        At this juncture we are willing to presume that your naming of CIT as a defendant, and
the apparent consolidation of the plaintiffs and claims as to CIT and Citibank respectively,
occurred merely by oversight, perhaps by a staff person in your office.  Having now put you
on notice of these issues and reminding you of the prior order as to CIT, we presume that you
will immediately dismiss the claims asserted against CIT.  To facilitate your doing so, we
have included herewith a Rule 41 dismissal notice to that effect.

        If we do not receive the notice countersigned by you by close of business on Friday,
October 14th, we will seek relief from the Court and vigorously pursue every possible sanction
against you under Rule 11.

        Should you have any questions about this, please call me.


                                        Sincerely,

                                        Ryan A. Becker

Enclosure